IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMAS, ) | No. C 05-2544 JSW (PR) |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION |
| vs. ) | |
| J. BROWN, Warden, ) | (Docket No. 4) |
| Respondent. ) | |

Petitioner, a state prisoner currently incarcerated at San Quentin State Prison in San Quentin, California, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the failure of the Board of Prison Terms ("BPT") to grant him parole. The Court ordered Respondent to show cause why the instant petition should not be granted. Respondent filed a motion to dismiss the petition on multiple grounds, Petitioner filed an opposition, Respondent filed a reply and Petitioner filed a reply to Respondent's reply. After reviewing the papers and supporting documents, the Court concludes that Petitioner has not exhausted his claims in the state supreme court. The Court will GRANT Respondent's motion to dismiss (docket no. 4) and DISMISS the instant petition without prejudice for failure to exhaust state remedies.

**BACKGROUND**

According to the petition, Petitioner pled guilty in Los Angeles County Superior Court to second-degree murder. On August 2, 1983, he was committed to a term of sixteen years-to-life in state prison. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner alleges

1

that he was told by his attorney that if he accepted the plea agreement he would be eligible for parole in ten years and, if he behaved, he could expect to be paroled after having served between ten and twenty-one years of his sentence.  However, on July 20, 2004, after having served more than twenty-two years in prison, the BPT found Petitioner unsuitable for parole at his eighth parole suitability hearing.  Petitioner contends that the denial of parole by the BPT violates his constitutional right to due process, violates the terms of his plea agreement, and denies him of his right to a trial by jury under the Sixth Amendment.  Petitioner filed the instant petition on June 22, 2005.  In the petition, he stated that he had exhausted state judicial remedies as to the claims raised in his federal petition.

**DISCUSSION**

I.   Respondent's Motion to Dismiss

Respondent filed a motion to dismiss the instant petition on several grounds.  Respondent argues alternatively that Petitioner has not exhausted his state judicial remedies and has procedurally defaulted his claims; that Petitioner's claims do not allege a federal question; and that Petitioner's claim regarding his plea agreement is without merit.  Petitioner filed an opposition and a "reply" to Respondent's reply, alleging primarily that he has a protected liberty interest in parole, addressing that aspect of Respondent's motion.  Petitioner further argues that Respondent's motion to dismiss on failure to exhaust grounds is "incorrect" because if the decisions Petitioner received from the state courts were denied without prejudice, they would have "plainly said so" and that Respondent appeared to be "groping for arguments to prevent this court from considering [Petitioner's] exhausted claims."  Opposition at 13.  However, because Petitioner's claims were indeed denied without prejudice in state court, they have not been exhausted and the petition must be dismissed without prejudice.  As such, this Court will not resolve the other grounds raised in Respondent's motion to dismiss.

II.   Exhaustion of State Remedies

Respondent alleges that Petitioner did not exhaust his state judicial remedies by

1  fairly presenting his federal claims to the state's highest court.  The Court finds that
2  Petitioner did not exhaust his claims because they were dismissed without prejudice in the
3  Court of Appeal and denied without a reasoned opinion in the California Supreme Court.
4     Prisoners in state custody who wish to challenge collaterally in federal habeas
5  proceedings either the fact or length of their confinement are first required to exhaust
6  state judicial remedies, either on direct appeal or through collateral proceedings, by
7  presenting the highest state court available with a fair opportunity to rule on the merits of
8  each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c);
9  *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981);
10 *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be
11 given an opportunity to rule on the claims even if review is discretionary.  *See O'Sullivan*
12 *v. Boerckel*, 526 U.S. 838, 845 (1999) (a habeas petitioner must invoke "one complete
13 round of the State's established appellate review process.").
14    The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity
15 to give the state "the initial 'opportunity to pass upon and correct alleged violations of its
16 prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations
17 omitted).  The exhaustion requirement is satisfied only if the federal claim (1) has been
18 "fairly presented" to the state courts, *see id.; Crotts v. Smith*, 73 F.3d 861, 865
19 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d
20 828, 829 (9th Cir. 1996); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003)
21 (en banc).
22    Here, Respondent contends that Petitioner did not fairly present his claims in the
23 instant petition to the state supreme court because Petitioner's claims were denied on
24 procedural grounds for failure to state a claim for relief.  Respondent argues that because
25 the claims were dismissed without prejudice, Petitioner's could still meet the fair
26 presentation requirement "by filing a new petition in state court which satisfies the
27 procedural pleading requirements and thereby allows the state court to reach the merits of
28 his petition."  Motion at 5.  Respondent submitted a copy of Petitioner's denial from the

Court of Appeal.  *See* Resp. Ex. 1.  The Court of Appeal summarily denied the petition on the grounds that it did not state sufficient facts to support relief citing "*In Re Clark* (1993) 5 Cal.4th 750, 763-787; *In re Swain* (1949) 34 Cal. 2d 300, 303-304' see *In Re Dannenberg* (2005) 34 Cal.4th 1061, 1070-71; *In Re Rosencrantz* (2002) 29 Cal.4th 616, 676-677)".  *See* Respondent's Motion, Exhibit 1.  The California Supreme Court denied the petition for review of that decision without citation.  *See* Respondent's Motion, Exhibit 2.

Under California law, a denial of a habeas petition with a citation to *In re Swain* indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim and has failed to explain the reasons for any delay in filing his petition.  *See, In re Swain*, 34 Cal. 2d at 304.  The Ninth Circuit treats a citation to *In re Swain* as standing for a denial on procedural grounds which can be cured in a renewed state petition.  *See Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986).  State judicial remedies therefore are not exhausted.  *See id.; accord McQuown v. McCartney*, 795 F.2d 807, 808 n.1, 809 (9th Cir. 1986); *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974).  In *Ylst v. Nunnemaker,* 501 U.S. 797, 801-06 (1991)*,* the Supreme Court has held in the context of addressing procedural default, that where the last reasoned opinion on a claim expressly imposes a procedural bar, it should be presumed that a later decision summarily rejecting the claim did not silently disregard the bar and consider the merits.  Because the California Supreme Court denied the petition without citation, this Court presumes under *Ylst* that the supreme court denied the petition for the same reason that the state appellate court did, for failure to state the claim with sufficient particularity.  As such, the claims have been denied without prejudice and have not been exhausted in the state courts.

Petitioner briefly addresses this ground of Respondent's motion in his opposition, but incorrectly argues that the state courts did not deny his claims without prejudice because they did not specify that the claims were denied without prejudice.  However, contrary to Petitioner's assertion, the Court of Appeal opinion specifically states that the

1  petition was denied because "petitioner has not stated facts sufficient to support relief."
2  Respondent's Motion, Exhibit 1.  That, coupled with a citation to *Swain*, clearly notifies
3  Petitioner that his claims are denied for failure to state a claim, which is a dismissal
4  without prejudice that can be cured by a renewed petition.  Therefore, the petition must be
5  dismissed because state court remedies have not been exhausted.

      The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court.  *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).  However, a district court does not have discretion to stay a petition containing only unexhausted claims, however, even where the record shows that there were exhausted claims that could have been included.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)  (declining to extend the rule in *Rhines* to completely unexhausted petitions and finding that the district court must dismiss a completely unexhausted petition based on *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)).  Because there are no exhausted claims before the Court, it must be dismissed in its entirety.

      However, a dismissal solely for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting available state remedies.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, this petition is DISMISSED without prejudice to Petitioner's filing a new federal habeas petition once he has exhausted state remedies by presenting his claims to the highest state court.  The clerk shall terminate all pending motions, enter judgment and close the file in accordance with this order.

      IT IS SO ORDERED.

DATED: March 13, 2007

                                        */s/ Jeffrey S. White*
                                        JEFFREY S. WHITE
                                        United States District Judge